Chastain *vs.* Worrill, administrator.

1. In a suit by one against an administrator on an open account for a balance claimed to be due by the decedent, the mere fact that a receipt by the plaintiff to the decedent for a payment on account, stating the balance due, was found in a pocket-book belonging to the decedent after his death, did not require a verdict for the plaintiff for such balance.

(*a*.) It is doubtful whether such fact, without more, would have supported a verdict for plaintiff ; but where the jury have found for the defendant, and the judge has refused a new trial, such evidence certainly will not require a reversal.

October 10, 1882.

New Trial. Verdict. Administrators and Executors. Before Judge Hood. Randolph Superior Court. May Term, 1882.

Reported in the decision.

A. Hood, Jr., for plaintiff in error.

C. B. Wooten; W. C. Worrill, by J. H. Lumpkin, for defendant.

Jackson, Chief Justice.

This suit was brought on an account for balance due by the defendant to the plaintiff.

The only proof of the account disclosed by the record is a receipt given by plaintiff in his life-time, and found in defendant's pocket-book after his death, which is as follows : " Received of B. S. Worrill the sum of ten dollars on the balance that B. S. Worrill owes L. S. Chastain

in a settlement of all the claims that L. S. Chastain has in said partnership of Worrill & Chastain, the same being $150.00. February 3, 1880. L. S. Chastain."

This receipt is in the hand-writing of Chastain, the plaintiff, so that the only evidence of the account for the balance ($140.00) sued for is the fact that this receipt given by plaintiff was found in possession of defendant; and the question is whether this evidence is such proof of that balance as to require a verdict for the plaintiff, the jury having found for defendant, and a motion being made for a new trial.

It is doubtful whether that evidence, without more, would support a verdict; certainly it does not require it.

Judgment affirmed.